# UNITED STATES DISTRICT COURT

## District of Kansas

(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**TARA CARLTON,**
**CHRISTOPHER MARSH,**
[redacted]
**JASON RUNYAN,** and
**AMANDA BRANDT,**

**Defendants.**

**FILED UNDER SEAL**

**CASE NO.** 26-CR-10149-01-02-03-04-05-06-JMK

# INDICTMENT

**THE GRAND JURY CHARGES:**

**COUNT 1**

**DRUG CONSPIRACY**
**[21 U.S.C. § 846]**

Beginning at a date unknown to the Grand Jury, through and including the date of the Indictment, within the District of Kansas, and elsewhere, the defendant,

**TARA CARLTON,**
**CHRISTOPHER MARSH,**
[redacted]

[redacted]
**JASON RUNYAN,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) possession with intent to distribute fentanyl and fentanyl analogue; (b) distribution of fentanyl and fentanyl analogue; (c) possession with the intent to distribute methamphetamine; and (d) distribution of methamphetamine; all controlled substances in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), 841(b)(1)(C).

**Quantity of Fentanyl Involved in the Conspiracy**

With respect to defendants **TARA CARLTON,** [redacted] and **JASON RUNYAN** each defendant's conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved forty (40) grams or more a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vi).

**Quantity of Methamphetamine Involved in the Conspiracy**

With respect to the defendants, **CHRISTOPHER MARSH,** [redacted] the defendant's conduct as a member of the

conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, or five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

**ATTEMPTED POSSESSION WITH INTENT TO DISTIBUTE FENTANYL**
**[21 U.S.C. §§ 846, 841(a)]**

On or about June 17, 2025, in the District of Kansas, and elsewhere, the defendant,

**TARA CARLTON,**

did unlawfully, knowingly and intentionally distribute 40 grams or more of a mixture and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B)(vi) and Title 18 United States Code, Section 2.

## COUNT 3

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. §841(a)]**

On or about July 15, 2025, in the District of Kansas, the defendant,

[redacted]

did unlawfully, knowingly and intentionally distribute 50 grams or more of methamphetamine, Schedule II controlled substance.

In violation of Title 21, United States Code, 841(a)(1) and (b)(1)(A)(viii) and Title 18 United States Code, Section 2.

## COUNT 4

**ATTEMPTED POSSESSION WITH INTENT TO DISTIBUTE FENTANYL**
**[21 U.S.C. §§ 846, 841(a)]**

On or about June 8, 2026, within the District of Kansas, and elsewhere, the defendant,

**TARA CARLTON,**
**JASON RUNYAN,** and
**AMANDA BRANDT**

did unlawfully, knowingly and intentionally attempt to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(viii) and Title 18 United States Code, Section 2.

# **COUNT 5**

**MONEY LAUNDERING CONSPIRACY**
**[18 U.S.C. § 1956(h)]**

Counts 1 through 4 are herein incorporated by reference.

Beginning on a date unknown and through no later than September 4, 2025 in the District of Kansas and elsewhere, the defendant,

[redacted]
**TARA CARLTON**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 (a)(2)(A) and (2)(B)(i), to wit: (i) transmissions and transfers of monetary instruments and funds, and attempts to do the same, from a place in the United States to a place outside the United States (Mexico) with the intent to promote the carrying on of a specified unlawful activity, that is, possession with intent to distribute a controlled substance (in violation of Title 21, United States Code, Section 841(a)), distribution of a controlled substance (in violation of Title 21 United States Code, Section 841(a)), conspiracy to distribute and possess with intent to distribute a controlled substance (in violation of Title 21, United States Code, Section 846), said fund transmissions and transfers valued in excess of $1,000,000.00; and (ii) transmissions and transfers of monetary instruments and funds, and attempts to do the same, from a place in the United States to a place outside the United States (Mexico), knowing that the monetary instruments and funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission, and transfer was

designed, in whole and in part, to conceal and disguise the nature, the source, the ownership and the control of the proceeds of specified unlawful activity, that is, distribution of a controlled substance (in violation of Title 21 United States Code, Section 841(a)), conspiracy to distribute a controlled substance (in violation of Title 21, United States Code, Section 846), said fund transmissions and transfers valued in excess of $1,000,000.00.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (B)(i).

## **FORFEITURE NOTICE**

1. The allegations contained in Counts 1-5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to: Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Sections 853(a).

2. Upon conviction of one or more of the offenses set forth in Counts 1-4 the defendants,

**TARA CARLTON** (Counts 1-2, 4),
**CHRISTOPHER MARSH** (Count 1),
[redacted]
**JASON RUNYAN** (Counts 1 and 4), and
**AMANDA BRANDT** (Count 4),

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a), any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him or her from the commission of Counts 1-3.

3. Upon conviction of the offense set forth in Count 5, the defendants,

**TARA CARLTON** and
[redacted]

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to, the following:

A. A forfeiture money judgment against each defendant in an amount equal to the value of the property involved in Count 5.

4. If any of the property described above, as a result of any act or omission of the defendant:

A. cannot be located upon the exercise of due diligence;
B. has been transferred or sold to, or deposited with, a third party;
C. has been placed beyond the jurisdiction of the court;
D. has been substantially diminished in value; or
E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

September 10, 2026
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Katherine J. Andrusak
Katherine J. Andrusak
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

| |
|---|
| IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS |

## PENALTIES

**Counts X- 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A) [Conspiracy and Distribution of Controlled Substances]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture

**Counts X - 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B) [Conspiracy and Distribution of Controlled Substances]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count X: 21 U.S.C. § 846 and 21 U.S.C. §841(a) and (b)(1)(C)—[Conspiracy and Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A
- Forfeiture.

**Count 11- 18 U.S.C. §1956 [Money Laundering Conspiracy]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1956(h).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $500,000. 18 U.S.C. §1956. In the alternative, the defendant may be fined not more than the greater of twice the value of the property involved in the transaction, whichever is greater. 18 U.S.C. § 1956.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.